IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| PRESIDENTIAL CANDIDATE NUMBER P60005535 *also known as* Ronald Satish Emrit *also known as* Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America,<br><br>　　*Plaintiff,*<br>vs.<br><br>ELON MUSK, VIVEK RAMASWAMY, MIKE JOHNSON, Speaker of the House, and DEPARTMENT OF GOVERNMENT EFFICIENCY,<br><br>　　*Defendants*. | CIVIL ACTION NO: 1:25-CV-16 |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Presidential Candidate Number P60005535, also known as Ronald Satish Emrit, proceeding *pro se*, filed this civil rights lawsuit in the Eastern District of Texas.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff complains that his civil rights were violated under the Civil Rights Act of 1964 (which protects a person against discrimination in contexts such as employment and public accommodation), the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendments, the Privileges and Immunities Clause of Article IV of the Constitution, his right to

privacy under the Fourth Amendment, and his right to association under the First Amendment of the Constitution. (Doc. # 1 at 4-6.) Plaintiff asserts he is a citizen of the states of Florida and Maryland. (Id.)

The named defendants are Elon Musk—his citizenship is not provided, Vivek Ramaswamy—his citizenship is not provided, Speaker of the House Mike Johnson from the state of Louisiana, and a non-existent Government Agency identified as the Department of Government Efficiency.

Plaintiff's statement of facts does not assert how his civil rights have been violated by any of the named defendants. (Id. at 4.) In only conclusory fashion does he assert standing. (Id.) In the way of relief, he requests that certain judges of the Eastern District of Louisiana issue orders and award damages. (Id. at 6-7.) In his jurisdictional statement he claims the United States District Court for the Eastern District of Louisiana has jurisdiction over these claims based on diversity of citizenship given the complete diversity of the Plaintiff from all defendants. (Id. at 3-4.) He also asserts federal question jurisdiction, and that venue is subject to 28 U.S.C. §§ 1391, 1400. (Id.)

## Analysis

The Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*, under which this case is allegedly brought, has certain venue provisions depending on which portion of the Act a claim is brought. *See, e.g.,* 42 U.S.C. § 2000e-5(f)(3). Here, Plaintiff fails to identify a specific provision. Claims made for violations of the Constitution are subject to the general venue provisions of 28 U.S.C. § 1391. *Andrade v. Chojnacki*, 934 F. Supp. 817, 825 (S.D. Tex. 1996). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where any defendant resides or in which the claim arose.

Nothing in Plaintiff's complaint suggests that any of the defendants reside in Texas. (Doc. #1.) Nor does the complaint assert any facts indicating that claims arose in Texas. (Id.) Instead, Plaintiff's complaint, despite filing it here in the Eastern District of Texas states that jurisdiction lies in the Eastern District of Louisiana. (Id.) It appears to the undersigned that venue lies in the Eastern District of Louisiana.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The undersigned finds that in the interests of justice, this case should be transferred to the United States District Court for the Eastern District of Louisiana. An appropriate order so providing will be entered by the undersigned.

**SIGNED this the 16th day of January, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE